IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FREDDIE LANDRUM and ANNIE LANDRUM )<br>as the PARENTS and ADMINISTRATORS of )<br>PHIL LANDRUM'S ESTATE, )<br>　　　　　　　　　　　　　　　　　　　　　　 )<br>　　　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　　　　　　　 )<br>v.　　　　　　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　　　　　 )<br>OZARK MOTOR LINES, INC., and )<br>THE TRAVELERS INDEMNITY COMPANY, )<br>　　　　　　　　　　　　　　　　　　　　　　 )<br>　　　　　　Defendants. )<br>　　　　　　　　　　　　　　　　　　　　　　 ) | CIVIL ACTION<br><br>FILE NO. 5:16-cv-00525-CAR |

**DEFENDANT OZARK MOTOR LINES, INC.'S REPLY
TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS**

**I.　　INTRODUCTION**

The Landrums'[1] response to this motion fails to address Ozark's arguments and effectively concedes that Ozark should be dismissed from this lawsuit. In its original brief, Ozark asserted that it has no interest in this lawsuit and does not have a position concerning the Landrums' declaratory judgment claim against Travelers. The Landrums do not dispute Ozark's assertions and effectively admit that they have no idea what Ozark's interests in this lawsuit are or could be.

At most, the Landrums assert that "Ozark may be a necessary and proper party" and suggest that discovery would allow them to determine Ozark's interest in this lawsuit, if any. However, the Landrums' unfounded assertions are wholly insufficient as a response to this motion, especially since Ozark has expressly disclaimed any interest in this lawsuit that could support the Landrums' declaratory judgment claim against Ozark. Moreover, the Landrums' suggestion that

---

[1] The abbreviations used in Ozark's original brief will be reused herein.

discovery should be permitted to determine whether Ozark has an interest in this lawsuit subverts the purpose of Rule 12(b)(6), as one of the reasons to seek dismissal of insufficient claims is to avoid the burden and expense of the aimless discovery the Landrums suggest. Therefore, the Landrums have failed to meet their burden in response to this motion, and Ozark should be dismissed from this lawsuit.

## II. ARGUMENT AND CITATION TO AUTHORITY

*A. The Federal Declaratory Judgment Act Applies.*

The Landrums assert that "Ozark's interests must be evaluated pursuant to" Tennessee law. (Doc. 9 p. 5.) However, the Landrums ignore or misapply the relevant choice of law principles.[2] As set forth in Ozark's original brief, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, applies to this lawsuit since it was removed. *See Cincinnati Ins. Co. v. Holbrook,* 867 F.2d 1330, 1333 (11th Cir. 1989); *Nirvana Condominium Ass'n, Inc. v. QBE Ins. Co.,* 589 F. Supp. 2d 1336, 1343 n.1 (S.D. Fla. 2008). Nonetheless, the Landrums rely on several state court decisions addressing declaratory judgments and other actions concerning contracts under state law. (Doc. 9 pp. 5-6.) The portions of those decisions cited by the Landrums only pertain to procedural mechanisms under the respective state laws and do not describe or confer any substantive right to include Ozark as a defendant in this lawsuit. *See Nirvana Condominium*

---

[2] While Georgia, instead of Tennessee, choice of law principles apply here, a choice of law analysis is only relevant when there is a conflict between two or more jurisdiction's laws. *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 135 F.3d 750, 752 (11th Cir. 1998) ("Federal courts sitting in diversity apply the forum state's choice-of-law rules."); *Marubeni Am. Corp. v. M/V Trinity Sierra*, No. 406CV245, 2007 U.S. Dist. LEXIS 5081, at *6 n.2 (S.D. Ga. Jan. 23, 2007) ("A choice-of-law question is only relevant where a conflict of laws exists."). Here, the Landrums' response fails to point to any difference between Georgia, Tennessee, or any other state's laws that might influence whether the Landrums stated a declaratory judgment claim against Ozark. Further, Ozark's original brief relied on federal decisions to show that the Landrums failed to state a claim under the Federal Declaratory Judgment Act. However, a choice of law analysis may be relevant for some of the substantive issues raised by the declaratory judgment claims between the Landrums and Travelers.


*Ass'n, Inc.*, 589 F. Supp. 2d at 1343 n.1. Accordingly, the Federal Rules of Civil Procedure and Federal Declaratory Judgment Act govern this lawsuit, specifically including issues related to procedure, jurisdiction, and the justiciability of claims. *See Cincinnati Ins. Co.,* 867 F.2d at 1333 (concepts of justiciability under Federal Declaratory Judgment Act controlled over those supported by the Georgia Declaratory Judgment Act); *Nirvana Condominium Ass'n, Inc.,* 589 F. Supp. 2d at 1343 n.1 (*citing McMahan v. Toto,* 256 F.3d 1120, 1131-32 (11th Cir. 2001))

**B. The Landrums Failed To Demonstrate The Existence Of An "Actual Controversy" With Ozark.**

As the party asserting a claim against Ozark, the Landrums have the burden to prove that they stated a facially plausible claim, which, under the Federal Declaratory Judgment Act, includes showing the existence of an "actual controversy" between them and Ozark. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)); *Provident Life & Accident Ins. Co. v. Transamerica-Occidental Life Ins. Co.*, 850 F.2d 1489, 1491 (11th Cir. 1988). The Landrums' response to this motion fails to meet their burden to show the existence of an "actual controversy" with Ozark. Further, the Landrums' response fails to address any of the federal decisions cited by Ozark, which establish that no controversy exists with a named insured when another party claiming to be an "insured" litigates the existence of coverage with the insurer. *See Allstate Ins. Co. v. Daniels*, 87 F.R.D. 1, 3 (W.D. Okla. 1978); *Glens Falls Indem. Co. v. Fredericksen*, 8 F.R.D. 55, 59 (D. Neb. 1947); *Nw. Cas. Co. v. Kirkman*, 119 F. Supp. 828, 829-31 (M.D.N.C. 1954); *Ohio Cas. Ins. Co. v. Maloney*, 44 F. Supp. 312, 314 (E.D. Pa. 1942); *accord Atlanta Cas. Co. v. Stephens*, 825 S.W.2d 330, 334 (Mo. Ct. App. 1992).

Instead of addressing those decisions, the Landrums cite a series of state court decisions decided predominately under Tennessee law. (Doc. 9 p. 5.) However, those state court decisions

*Ass'n, Inc.*, 589 F. Supp. 2d at 1343 n.1. Accordingly, the Federal Rules of Civil Procedure and Federal Declaratory Judgment Act govern this lawsuit, specifically including issues related to procedure, jurisdiction, and the justiciability of claims. *See Cincinnati Ins. Co.,* 867 F.2d at 1333 (concepts of justiciability under Federal Declaratory Judgment Act controlled over those supported by the Georgia Declaratory Judgment Act); *Nirvana Condominium Ass'n, Inc.,* 589 F. Supp. 2d at 1343 n.1 (*citing McMahan v. Toto,* 256 F.3d 1120, 1131-32 (11th Cir. 2001))

**B. The Landrums Failed To Demonstrate The Existence Of An "Actual Controversy" With Ozark.**

As the party asserting a claim against Ozark, the Landrums have the burden to prove that they stated a facially plausible claim, which, under the Federal Declaratory Judgment Act, includes showing the existence of an "actual controversy" between them and Ozark. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)); *Provident Life & Accident Ins. Co. v. Transamerica-Occidental Life Ins. Co.*, 850 F.2d 1489, 1491 (11th Cir. 1988). The Landrums' response to this motion fails to meet their burden to show the existence of an "actual controversy" with Ozark. Further, the Landrums' response fails to address any of the federal decisions cited by Ozark, which establish that no controversy exists with a named insured when another party claiming to be an "insured" litigates the existence of coverage with the insurer. *See Allstate Ins. Co. v. Daniels*, 87 F.R.D. 1, 3 (W.D. Okla. 1978); *Glens Falls Indem. Co. v. Fredericksen*, 8 F.R.D. 55, 59 (D. Neb. 1947); *Nw. Cas. Co. v. Kirkman*, 119 F. Supp. 828, 829-31 (M.D.N.C. 1954); *Ohio Cas. Ins. Co. v. Maloney*, 44 F. Supp. 312, 314 (E.D. Pa. 1942); *accord Atlanta Cas. Co. v. Stephens*, 825 S.W.2d 330, 334 (Mo. Ct. App. 1992).

Instead of addressing those decisions, the Landrums cite a series of state court decisions decided predominately under Tennessee law. (Doc. 9 p. 5.) However, those state court decisions

fail to address the applicable law, *see* Section A., *supra*, and, critically, do not show why there is an "actual controversy" between the Landrums and Ozark.

For instance, in *Standard Fire Insurance Co.*, 972 S.W.2d 1, an insurer sought a declaratory judgment concerning its duty to defend and indemnify the named insured in an underlying lawsuit. However, whether the insurer had stated a claim against the named insured or whether an "actual controversy" existed was not at issue. Thus, *Standard Fire Insurance Co.* does not show why the Landrums can assert a declaratory judgment claim against Ozark.

The Landrums cite *Byrn v. Metropolitan Board of Public Education*, 1991 Tenn. App. LEXIS 46 (Tenn. Ct. App. Jan. 30, 1991), for the proposition "that the parties to a written contact are necessary parties." (Doc. 9 p. 5.) However, *Byrn*, which relates to a teacher's rights under a collective bargaining agreement, is neither an insurance coverage case nor a decision under the Federal Declaratory Judgment Act. *Id. Byrn* states that "[i]n actions to construe a written contact, all contracting parties ***having a justiciable dispute*** must be joined" but does not show what constitutes a justiciable dispute or how a declaratory judgment plaintiff can allege the existence of such a dispute. *Id.* at 16. At most, *Byrn* provides that "[i]dentifying the necessary parties in a declaratory judgment action depends upon the type of case and the issues involved" and that "[p]ersons having only an indirect interest in the subject matter of the suite need not be joined." *Id.* However, nothing in the Landrums' response shows that Ozark has an interest in this lawsuit that would make Ozark a necessary party based on *Byrn* or the decisions cited by Ozark.

Additionally, the Landrums cite *American Justice Insurance Reciprocal v. Hutchson*, 15 S.W.3d 811 (Tenn. 2000) and *Commercial Casualty Insurance Co. v. Columbia Casualty Co.*, 125 S.W.2d 493 (Tenn. Ct. App. 1938) to assert that "Tennessee courts have held that insurance policies are viewed as personal contracts between the insured and the insured, and that as such,

both are subject to ordinary rules of contract." (Doc. 9 p. 5.) However, regardless of the choice of law issues discussed *supra*, the principles of contract interpretation discussed in those cases are irrelevant to whether the Landrums can assert a declaratory judgment claim against Ozark. *Am Justice Ins. Reciprocal*, 15 S.W.3d 811 (answering certified questions concerning policy interpretation); *Commercial Cas. Ins. Co.*, 125 S.W.2d 493 (addressing issues relating to cancellation of policies and reinsurance in a claim between insurers).

Finally, the Landrums cite three cases from "jurisdictions that follow the Uniform Declaratory Judgment Act"—*Garnick v. Serewitch*, 121 A.2d 423 (N.J. Super. 1956); *Wells v. Bank of Nevada*, 522 P.2d 1014 (Nev. 1974); and *National Auto Insurance Co. v. Vaughn*, 102 S.E.2d 1 (Ga. 1958)—but only one of those, *National Auto Insurance Co.*, involves an insurance policy. However, *National Auto Insurance Co.*, is of no persuasive value here because it addresses a state court's jurisdiction to hear an insurer's interpleader action against the named insured and the loss payee when the named insured had already sued the insurer. 102 S.E.2d at 806-08.

None of these cases are persuasive authority to show why the Landrums can assert a declaratory judgment claim against Ozark when Ozark has no interest in the dispute between the Landrums and Travelers. Instead, as Ozark demonstrated in its original brief, the Landrums cannot assert a declaratory judgment claim against Ozark because there is no "actual controversy" between them, regardless of Ozark's status as the named insured under the IND Policy. (Doc. 4-1 pp. 4-10.) Ozark's status as the named insured under the IND Policy is unavailing for the Landrums because it does not show how there is "a dispute as to a legal right" involving Ozark. (*Id.* at 4-9.) Ozark has made no claim under the IND Policy relating to the Incident and has no interest in whether the Landrums recover from Travelers. (*Id.*) Moreover,

there is nothing that a declaratory judgment involving Ozark could accomplish because the only duties and obligations that the Court can declare, if any, are between Travelers and the Landrums. (*Id.* at 9-10.) Nothing in the Landrums' response, including the cases discussed *supra*, rebut these arguments.

Accordingly, the Landrums have failed to carry their burden to show that Ozark has an interest in this lawsuit that would give rise to an "actual controversy" with the Landrums and that could be redressed in a declaratory judgment action. Therefore, Ozark should be dismissed from this lawsuit.

### C. *Ozark Is Not A Necessary Party.*

The Landrums assert that "Ozark cannot be removed from the action without impeding the Landrum's right to complete relief" because Ozark employed Phil Landrum and is the only named insured under the IND Policy. (Doc. 9 pp. 6-7.) However, this assertion fails to respond to or even acknowledge Ozark's argument that it is not a necessary party based on the federal decisions cited in Section B, *supra*, including *Fredericksen*, 8 F.R.D. 55, and *Maloney*, 44 F. Supp. 312, in which the courts held that named insureds were not necessary parties to declaratory judgment actions concerning whether their employees were "insureds." (Doc. 4-1 pp. 6-9.) Accordingly, the Landrums again fail to meet their burden in response to this motion. Therefore, Ozark should be dismissed from this lawsuit.

### D. *The Landrums Are Not Entitled To Discovery.*

Despite effectively admitting that they have failed to state a claim against Ozark, the Landrums assert that Ozark should nonetheless remain a party so that discovery can be conducted to determine Ozark's interest in this lawsuit. (Doc. 9 p. 6.) However, the Landrums do not have the right to force Ozark to remain in this lawsuit so they can conduct discovery in hopes

that some unspecified information supporting the existence of a declaratory judgment claim will be discovered. *See Iqbal*, 556 U.S. at 686, 129 S. Ct. at 1954 ("because respondent's complaint is deficient under Rule 8, he is not entitled to discovery"); *Twombly*, 550 U.S. at 559, 127 S. Ct. at 1967 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process").

Moreover, Ozark filed this motion under Rule 12(b)(6) and has limited its presentation of the facts to the allegations and documents already in the record. *See Fuller v. SunTrust Banks, Inc.*, 744 F.3d 685, 696 (11th Cir. 2014); *Edwards v. Prime, Inc.,* 602 F.3d 1276, 1291 (11th Cir. 2010); *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). Thus, there are no grounds for the Landrums to seek discovery in response to this motion. *See* Fed. R. Civ. P. 12(d).

Accordingly, the Landrums are not entitled to discovery in order to determine if they can state a declaratory judgment claim against Ozark. Therefore, Ozark should be dismissed from this lawsuit.

### III.  CONCLUSION

Ozark should be dismissed from this lawsuit because the Landrums failed to meet their burden to prove that they stated a plausible declaratory judgment claim against Ozark. At most, the Landrums' response makes an unspecified assertion that, despite Ozark's unequivocal denials, it "may" have some unspecified interest in this lawsuit. However, the federal pleading standard requires more than the unspecified assertion of an interest that could give rise to an "actual controversy" and, thus, an actionable claim. None of the decisions the Landrums cite compel a different result, as they do not apply the operative law and/or fail to address anything approaching analogous facts. Further, the Landrums' response fails to address any of Ozark's case law or arguments, which conclusively show that there is no "actual controversy" between

the Landrums and Ozark. Finally, the Landrums' unsupported suggestion that discovery would allow them to determine whether Ozark has an interest in this lawsuit is unavailing, as there are no circumstances under which they would be entitled to discovery in response to this motion. Therefore, Ozark respectfully requests that the Court grant this motion and dismiss Ozark.

Respectfully submitted this 30th day of January, 2017.

| | |
|---|---|
| Lewis, Brisbois, Bisgaard & Smith, LLP<br>1180 Peachtree Street<br>Suite 2900<br>Atlanta, Georgia  30309<br>T:  (404)348-8585<br>F:  (404)467-8845<br>seth.friedman@lewisbrisbois.com<br>christopher.meeks@lewisbrisbois.com | /s/ Seth M. Friedman<br>Seth M. Friedman<br>Georgia Bar No. 141501<br>Christopher C. Meeks<br>Georgia Bar No. 371020<br>*Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **DEFENDANT OZARK MOTOR LINES, INC.'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS** upon the counsel or parties listed below via the Court's CM/ECF system:

Caroline W. Herrington, Esq.
cherrington@adamsjordan.com

This 30th day of January, 2017.

|  |  |
|---|---|
| LEWIS, BRISBOIS, BISGAARD & SMITH, LLP<br>1180 Peachtree Street<br>Suite 2900<br>Atlanta, Georgia  30309<br>T:  (404)348-8585<br>F:  (404)467-8845<br>seth.friedman@lewisbrisbois.com<br>christopher.meeks@lewisbrisbois.com | /s/ Seth M. Friedman<br>Seth M. Friedman<br>Georgia Bar No. 141501<br>Christopher C. Meeks<br>Georgia Bar No. 371020<br>*Attorneys for Defendants* |