IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FREDDIE LANDRUM and ANNIE LANDRUM as the PARENTS and ADMINISTRATORS of PHIL LANDRUM'S ESTATE, | : : : : : |
| Plaintiffs, | : : |
| v. | No. 5:16-CV-525 (CAR) : : |
| OZARK MOTOR LINES, INC., and THE TRAVELERS INDEMNITY COMPANY, | : : : : |
| Defendants. | : : |

## ORDER ON MOTION TO DISMISS

Plaintiffs Freddie and Annie Landrum bring this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, to determine their rights and obligations under an insurance policy issued to Defendant Ozark Motor Lines ("Ozark") by Defendant The Travelers Indemnity Company ("Travelers"). Before the Court is Defendant Ozark's Motion to Dismiss. The Court has carefully considered the parties' arguments and the relevant law, and finds Plaintiffs' claim against Defendant Ozark is not properly before this Court under Rule 12(b)(1). Accordingly, the Court **GRANTS** Defendant Ozark's Motion to Dismiss [Doc. 4].

1

In this declaratory judgment action, Plaintiffs allege a commercial automobile liability policy issued by Defendant Travelers to Defendant Ozark provides coverage for the death of their son, Phil Landrum, who drove tractor-trailers for Defendant Ozark.[1] When Plaintiffs asserted claims for underinsured motorist benefits under the policy, Defendant Travelers denied coverage on the grounds that Phil Landrum is not an additional insured under the policy.[2] On October 28, 2016, Plaintiffs filed suit against Defendant Travelers and Defendant Ozark.

Defendant Ozark seeks dismissal from this lawsuit, contending the Court lacks subject matter jurisdiction because no justiciable case or controversy exists between Plaintiffs and Defendant Ozark.[3] Plaintiffs concede Defendant Ozark "may, in fact, be correct" that no case or controversy exists but contend the parties should be allowed to conduct discovery to determine whether Defendant Ozark has any interest in this lawsuit.[4] The Court agrees with Defendant Ozark.

To establish a justiciable case or controversy, the party seeking a declaratory judgment must show a substantial controversy between parties having adverse legal

---

[1] Complaint, ¶ 15-16 (Doc. 1-2, p. 6).
[2] *Id.* at ¶ 19 (Doc. 1-2, p. 7).
[3] Defendant Ozark originally sought dismissal for failure to state a claim. An argument that no justiciable case or controversy exists, however, challenges a district court's subject matter jurisdiction. *GEICO Gen. Ins. Co. v. Farag*, 597 F. App'x 1053, 1057 (11th Cir. 2015) (unpublished decision) (citing *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 747 (11th Cir. 1991)).
[4] Plaintiffs' Response Brief [Doc. 9, p. 6].

interests of sufficient immediacy and reality to warrant a declaratory judgment.[5] Here, the dispute—whether Phil Landrum is an additional insured under the policy—is only between Plaintiffs and Defendant Travelers. No such dispute exists between Plaintiffs and Defendant Ozark, the named insured.[6] Accordingly, Plaintiffs fail to establish a justiciable case or controversy with Defendant Ozark.

## CONCLUSION

For the reasons set forth above, the Court **HEREBY GRANTS** Defendant Ozark's Motion to Dismiss [Doc. 4].

**SO ORDERED,** this 8th day of June, 2017.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

TAC/ssh

---

[5] *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 512 (1941). *See also Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95, 113 S. Ct. 1967, 1974 (1993) (explaining party seeking declaratory judgment has burden of establishing justiciability).

[6] *Provident Life & Accident Ins. Co. v. Transamerica-Occidental Life Ins. Co.*, 850 F.2d 1489, 1490-91 (11th Cir. 1988) (explaining "[c]ourts have found the case or controversy requirement lacking . . . when the defendant has no interest in the case" and "when no conflict exists in the case").